Judge Robertson
delivered the opinion of the Court.
Thomas Hutchcraft having obtained a judgment against James H. and David Gentry, they, together with Christy Gentry as their security, entered into a recognizance, in the clerk’s office, to pay the amount of it, in two years.
At the expiration of the two years, the executors of Thomas Hutclicraft, (he having died in the mean time) brought an action of debt on the recognizance.
The defendants pleaded in abatement, that before the writ issued, they bad prosecuted a writ of error to reverse the judgment, and that the judgment had been superseded by the order of this court.
To this the executors replied, that their testator died before the writ of error issued.
A demurrer to this replication being sustained, judgment was rendered for the defendants for costs, de bonis ieslatoris.
The replication is certainly insufficient. The death of a defendant in error, before the writ issues, does not abate the writ. The writ is directed to the clerk, of the inferior court to certify, and transmit a copy of the record. ' It must describe the suit, by the style in which it stood when the judgment or decree was rendered; to reverse which, the writ of error is prosecuted. If the defendant shall have died before the date of the writ, the summons must issue against Iris representatives.
*500 Wbetber, therefore, T. Hutcbcrafthad died before or after the date of the writ of error, was immaterial.. The writ was valid and the supersedeas operative.
But it has been suggested that a supersedeas only suspends execution on Die judgment, but does not prevent an action of debt on the judgment, or a scire facias to revive it, and that, consequently, the plea is bad.
We acknowledge that this was the prevailing doc» trine in Eugland, at one time; Bacon, Tidd and Jacob seem to have yielded that it was. But we cannot concede that it was ever a rational doctrine,’ or can be considered as sound law here.
It was admitted in England, that the doctrine was the arbitrary interpolation of courts, and that there never was any reason for i t, and it was always doubted and resisted, and was never considered as well established, even by an uniformity of practice. Diversities in opinion and practice continued to exist, until reason predominated over the inconsiderate dicta of some of the judges; and it became the settled doctrine, that a supersedeas may be pleaded in abatement, though not in bar to debt on the judgment superseded. See I. Lord Raymd. 47, and Jenkins vs. Pepoon, II. Johnson’s cases, 312.
In England, those who maintained that a. supersedeas could not be pleaded, either in bar or in abatement to debt on a judgment, conceded that the court, when it should render judgment in the action for the plaintiff, would not allow execution to issue. What end then could be effected, by suffering a suit to progress on a judgment which had been superseded? None, whatever, except that there might be two judgments instead of one, held in suspense. If (he writ of error should be decided in favor of the defendant in the inferior court, neither of the judgments against him could be enforced. The pendency of the writ, therefore, ought to be pleadable in abatement, to any new suit on the judgment sought to be reversed.
When a supersedeas is ordered, the judgment as well as' execution upon it, should be considered as sus^ ..pended. It cannot be enforced in any legal mode. *501 until the writ of error should have been disposed of, or the supprsedeas discharged. If execution cannot issue on it, because a supersedeas has been granted, the court cannot give judgment that execution issue. And it seems to us that a supersedeas is designed to suspend all proceedings on the judgment. This construction of its aim and effect, will be consistent with reason and analogy, and will prevent the inconveniences and perplexities that would be incident to the doctrine once prevalent in England. Á judgment which is superseded, ought not to be the foundation of another judgment, whilst the supersedeas operates. This is the law of England now, and of New-York and other American states, and we cannot believe that it is not the law of this state.
The plea in abatement, being well pleaded, in form and substance, was, therefore, good.
But although it was right to render judgment in abatement of the writ, the court erred in adjudging costs against the executors.
When an executor or administrator sues in his representative character, on a liability to the testator or intestate, it is a general rule that he is not responsible for costs. The statutes of England allowing judgments for costs against plaintiffs, have been construed not to applyAo those who su c,lien autre droit” because they are not expressly included, and are not supposed to have personal knowledge of all the just claims to which those, for whom they act, are entitled.
There are exceptions to this general rule. If an executor or administrator wantonly bring a wrong action, or is guilty of any other wilful default, he may incur liability for costs.
In this case, if the executors knew that a superse-deas hud been granted, they ought not to have brought this suit, and one of the reasons for their exemption from costs, would fail. But it is stated as law by Bacon, that if an executor sue on a bond to his testator, and the defendant succeed, by proving payment to the executor, still there should be no judgment for costs.
Whether in this case, the judgment for costs could be sustained, if the executors had notice of the su- *502 persedeas, we shall not decide. It is not averred in the plea, nor otherwise shown, that they had notice of-the pendency of the writ of error; and, therefore, the judgment for costs is erroneous.
Brack, Mills and Brown, for plaintiffs; Turner 'and Caperlon, for defendants.
It would seem that an executor plaintiff, as well as defendant, should be liable for costs, de bonis testatoris, but the law has been decided to be otherwise, and it is not our privilege to legislate.
Wherefore, for the error in giving costs, the judg-mentis reversed and the cause remanded, for a judgment consistent with this opinion.